CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2018

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES RONALD SMITH, ) | |
| ) | Civil Action No. 7:17CV00157 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| NANCY A. BERRYHILL, Acting ) | Senior United States District Judge |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Charles Ronald Smith, was born on October 13, 1957, and eventually completed his high school education. Mr. Smith has been employed as a janitor/cleaner, delivery driver, material handler, and cemetery laborer. He last worked on a regular and sustained basis in April of 2011. (Tr. 47, 115). On July 5, 2013, Mr. Smith filed applications for disability insurance benefits and supplemental security income benefits. In filing his current claims, Mr.

Smith alleged that he became disabled for all forms of substantial gainful employment on April 8, 2011, due to pain in his lower back and left side. (Tr. 236, 250). Mr. Smith now maintains that he has remained disabled to the present time. With respect to his application for disability insurance benefits, the record reveals that Mr. Smith met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mr. Smith's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 29, 2016, the Law Judge also determined that Mr. Smith is not disabled. The Law Judge found that Mr. Smith suffers from several severe impairments, including degenerative disc disease in the lumbar spine, hypertension, obesity, and lumbar strain. (Tr. 22). Nevertheless, the Law Judge determined that Mr. Smith retains the residual functional capacity to perform a limited range of medium exertional activity. More specifically, the Law Judge found that plaintiff is capable of performing medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.927(c), except that he can only "occasionally push or pull, or climb ladders, ropes and scaffolds," but can "frequently climb ramps and stairs, and frequently stoop, kneel, crouch, and crawl."[1] (Tr. 24). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Mr. Smith remains capable of performing his past relevant work as a janitor/cleaner. In the alternative, the Law Judge found that if even if Mr. Smith is disabled for past relevant work, he retains the capacity to perform other

---

[1] "Medium work," as defined in the regulations, "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c) and 416.967(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour work day in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." SSR 83-10, 1983 SSR LEXIS 30, at *15 (Jan. 1, 1983). If someone can do medium work, it is determined that he or she can also do light work. 20 C.F.R. §§ 404.1567(c) and 416.967(c).

work roles existing in significant number in the national economy. Accordingly, the Law Judge concluded that Mr. Smith is not disabled, and that he is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(f)–(g) and 416.920(f)–(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Smith has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The Law Judge's opinion reflects a thorough evaluation of Mr. Smith's medical problems and the extent to which they affect his ability to work. Although Mr. Smith suffers from several physical impairments, substantial evidence supports the Law Judge's determination that he retains the residual functional capacity to perform a limited range of medium work.

The record reveals that Mr. Smith has received intermittent treatment for pain in his lower back and extremities. On February 24, 2010, plaintiff presented to the emergency department of Carilion Roanoke Memorial Hospital with complaints of pain in his lower back and left leg. (Tr.

3

300). He was discharged home and encouraged to follow up with his primary care physician. (Tr. 303). A spinal x-ray performed the following year revealed degenerative disc disease at L3-L4, L4-L5, and L5-S1, facet arthropathy of the mid and lower lumbar spine, Grade 1 spondylolisthesis, and diffuse idiopathic skeletal hyperostosis. (Tr. 328). Mr. Smith returned to the hospital with complaints of back pain on October 23, 2012. The attending physician prescribed Lortab, Valium, and Prednisone, and advised him to follow up with his primary care physician.

Mr. Smith was established as a new patient at Carilion Clinic Family Medicine – Roanoke/Salem on April 25, 2013, at which time he denied having any back or joint pain. (Tr. 348). He was diagnosed with hypertension and obesity, and counseled about losing weight. (Tr. 349–351). Mr. Smith returned with elevated blood pressure on February 12, 2014, and once again denied having any pain. (Tr. 365) ("Pt reports pain is 0 out of 10."). During follow-up evaluations on March 17, 2014, July 7, 2014, August 8, 2014, and September 26, 2014, Mr. Smith's range of motion was normal, and he was encouraged to exercise five days a week to aid in losing weight and controlling his hypertension. (Tr. 371, 385, 401, 407, 414).

Mr. Smith returned to Carilion Clinic Family Medicine on November 21, 2014, and was examined by Dr. Andrew Walters. At that time, plaintiff reported experiencing soreness in his shoulders, feet, and sides. (Tr. 421). During a follow-up appointment on January 16, 2015, Mr. Smith continued to complain of generalized soreness. Dr. Walters noted that plaintiff was a "poor historian" and that it was "hard to get a good grasp on why he is applying for disability and what his [symptoms] actually are." (Tr. 429).

Five months later, Mr. Smith returned to Dr. Walters with complaints of pain on his left side. Dr. Walters placed him on a trial of Flexeril and ordered an x-ray of his left hip to "rule out worsening of his [left] hip arthritis." (Tr. 439). The x-ray revealed "[m]oderate left hip joint

4

degenerative changes with little if any significant change from [the] last exam" on February 25, 2010. (Tr. 451).

Mr. Smith was referred to Carilion Clinic Rheumatology, where he was examined by Dr. Carl Henderson on June 24, 2015. At that time, plaintiff's range of motion and peripheral pulses were normal, and the examination revealed no active synovitis or deformities other than bilateral knee crepitus. Dr. Henderson diagnosed plaintiff with osteoarthritis and diffuse idiopathic skeletal hyperostosis. He recommended that Mr. Smith take Tylenol and nonsteroidal anti-inflammatory drugs as needed for discomfort. (Tr. 474).

Mr. Smith returned to Carilion Clinic Family Medicine on December 17, 2015, when he was seen by Dr. Benjamin Morgan for complaints of pain in his left shoulder. (Tr. 482). Dr. Morgan opined that plaintiff was likely experiencing "muscle strain" and recommended that he take Ibuprofen. (Tr. 484). During a follow-up appointment on January 14, 2016, Mr. Smith continued to complain of soreness in his left shoulder. Dr. Morgan advised him to take Tylenol every eight hours as needed for pain. (Tr. 496).

At the administrative hearing, Mr. Smith testified that he experiences "constant pain," primarily in his shoulders and lower back. (Tr. 48–49, 51). Plaintiff also claimed that his feet swell and hurt, and that he has to elevate them two or three times every day for approximately 30 minutes. (Tr. 49–52). Mr. Smith further testified that he experiences a "pinching pain" in his hands, which leads to numbness and affects his ability to use them. (Tr. 52–53). When questioned by his attorney regarding his ability to sit or stand, Mr. Smith testified that he can only sit for about an hour before needing to stand and move, and that he can only stand for about 20 or 25 minutes before needing to walk. (Tr. 55). Plaintiff further testified that he needs to lie down approximately twice a day for 45 minutes. (Tr. 57).

5

After considering all of the evidence of record, the Law Judge determined that Mr. Smith retains the residual functional capacity to perform medium work activity that does not involve more than occasional pushing, pulling, or climbing ladders, ropes, or scaffolds. In reaching this decision, the Law Judge reviewed the existing medical records, noting that the clinical evaluations discussed above include relatively benign objective findings. The Law Judge also observed that Mr. Smith's treating physicians have consistently recommended conservative treatment measures for his complaints of pain, and that none of them have placed restrictions on his ability to work. Accordingly, the Law Judge determined that plaintiff suffers from certain medical conditions that would reasonably cause the symptoms that he claims to experience, but that those symptoms could not reasonably cause the level of pain and limiting effects described by the plaintiff.

In making this determination, the Law Judge found that Mr. Smith's allegations of disabling limitations are not entirely credible. In addition to noting that the plaintiff's testimony was inconsistent with the medical evidence of record, the Law Judge observed that Mr. Smith stopped working for reasons totally unrelated to his medical impairments, namely because he was accused of stealing merchandise from his place of employment.[2] Additionally, Mr. Smith described participating in daily activities that the Law Judge viewed as inconsistent with his testimony regarding the debilitating effects of his physical impairments. In particular, the Law Judge noted that Mr. Smith had reported being able to vacuum, wash windows, wash and iron laundry, cut grass, drive a vehicle, play games, watch television, go to church, and visit with family. (Tr. 27).

Finally, the Law Judge relied on a consultative physical evaluation performed by Dr. William Humphries on October 23, 2011, as well as more recent reports from nonexamining state

---

[2] During the administrative hearing, Mr. Smith testified that he was fired for "theft" after taking a remote-control airplane from Valley View Mall. (Tr. 45– 46).

agency physicians. Based on his review of Mr. Smith's medical history, as well as his own clinical findings, Dr. Humphries diagnosed plaintiff with obesity, hypertension, chronic left thigh discomfort, chronic lumbar strain, and mild polyarthralgia in both upper extremities. (Tr. 320). Dr. Humphries assessed Mr. Smith's functional capacity as follows:

> Based on objective findings of this evaluation, the examinee would be limited to sitting six hours in an eight-hour workday, to standing and walking six hours in an eight-hour workday, to lifting 50 pounds occasionally and 25 pounds frequently. He would be limited to occasional climbing, kneeling or crawling. There would be no restrictions regarding stooping or crouching. He should avoid heights and hazards. There would be no fume restriction. He could not perform frequent left foot controls.

(Tr. 320). The state agency physicians similarly opined that Mr. Smith is capable of performing medium work with certain postural limitations. (Tr. 91–92, 103–104). The Law Judge accorded great weight to the opinion evidence, finding that it was "consistent with the objective evidence as a whole." (Tr. 27).

On appeal to this court, Mr. Smith, through counsel, makes two arguments in his brief in support of his motion for summary judgment. First, Mr. Smith argues that the Law Judge's assessment of his credibility is not supported by substantial evidence. In particular, Mr. Smith maintains that the Law Judge overstated the extent of the daily activities described in his function reports, and failed to consider the effect that his limited financial resources may have had on his ability to obtain more extensive medical treatment. The court finds Mr. Smith's arguments unpersuasive. Subject to the substantial-evidence rule, it is the province of the Law Judge to make credibility determinations and to resolve inconsistencies or conflicts in the evidence. See Johnson v. Barnhart, 434 F.3d 650, 652 (4th Cir. 2005) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].") (alteration in original) (internal quotation marks omitted).

7

While the Law Judge may not disregard "the limited extent" of the daily living activities described by a plaintiff, Brown v. Comm'r Social Sec. Admin., 873 F.3d 251, 269 (4th Cir. 2017), it is appropriate for a Law Judge to consider whether complaints of pain and other disabling limitations are consistent with evidence regarding the plaintiff's routine, non-work activities, Johnson, 434 F.3d at 658. Here, the Law Judge logically reasoned that the ability to engage in activities such as cutting the grass once or twice a week, doing laundry, attending church on Sundays, playing card games, and watching television on a frequent basis is inconsistent with plaintiff's allegations of totally disabling symptoms. See Johnson, 434 F.3d at 658.

Likewise, the Law Judge properly observed that Mr. Smith's impairments have been treated with routine, conservative measures that have been generally successful in controlling his symptoms. See Stitely v. Colvin, 621 F. App'x 148, 150–151 (4th Cir. 2015) (emphasizing that the Law Judge "properly noted that Stitely's impairments were treated with limited, conservative treatment that improved some of Stitely's conditions"). While the court recognizes that Mr. Smith may have limited financial resources, this is not a case in which the record suggests that the plaintiff has been unable to afford all of the treatment his doctors have recommended. Instead, the simple fact is all of Mr. Smith's physicians have prescribed conservative treatment measures, including over-the-counter medications, and none have recommended more aggressive treatment options. See Smith v. Colvin, 756 F.3d 621, 626 (8th Cir. 2014) (noting with approval that the Law Judge's credibility determination was based, in part, on finding that the plaintiff's treatment was "essentially routine and/or conservative in nature"); Wall v. Astrue, 561 F.3d 1048, 1068–69 (10th Cir. 2009) (holding that a history of conservative medical treatment undermined the plaintiff's allegations of disabling symptoms). Accordingly, the court is constrained to conclude that the Law Judge's credibility determination is supported by substantial evidence.

Mr. Smith's second argument is that the Law Judge failed to conduct a proper function by function analysis in assessing his residual functional capacity. In particular, Mr. Smith contends that the Law Judge failed to make sufficient findings regarding his "ability to maintain a static work posture, his need to lie down and rest during the day, his need to elevate his legs to waist level, or the frequency he would be absent from work." Pl.'s Br. 7, Dkt. No. 19. It is clear from the Law Judge's decision, however, that the Law Judge considered Mr. Smith's claimed limitations, but specifically found that such limitations were inconsistent with the objective medical evidence, the conservative nature of the medical treatment provided, the opinion evidence, and the ability to perform certain activities of daily living. The Law Judge further observed that none of plaintiff's treating physicians have suggested that his impairments would cause disabling pain or otherwise result in significant functional limitations. To the contrary, one of Mr. Smith's physicians has expressed uncertainty as to "why he is applying for disability." (Tr. 429). Accordingly, the court believes that the Law Judge's treatment of Mr. Smith's claimed limitations is consistent with the protocol established in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015), and that substantial evidence supports the Law Judge's evaluation of Mr. Smith's residual functional capacity.

Finally, the court concludes that substantial evidence supports the Law Judge's determination that Mr. Smith is capable of performing his past relevant work as a janitor/cleaner.[3] During the administrative hearing, Mr. Smith testified that his most recent job at Valley View Mall involved the performance of "housekeeping" duties, such as cleaning the restrooms and common areas, and that he was required to lift no more than twenty pounds. (Tr. 44–45, 63). Based on the description provided by Mr. Smith, the vocational expert testified that his past work falls within the definition of a "housekeeping cleaner" in the Dictionary of Occupational Titles ("DOT"),

---

[3] This issue was raised for the first time during oral argument.

9

which is classified as light, unskilled work. (Tr. 65) (citing Cleaner, Housekeeping (any industry), DOT No. 323.687-014). The vocational expert further testified that a hypothetical claimant with limitations consistent with the Law Judge's assessment of Mr. Smith's residual functional capacity would be able to perform the functions of this previous position. (Tr. 65) ("The work as a cleaner clearly would fall within those parameters . . . ."). Although the court initially questioned the extent to which a janitor/cleaner would be required to stand or walk, there is no indication that such position requires the ability to stand or walk for more than six hours in an eight-hour work day, or that the vocational expert's testimony otherwise conflicts with the DOT.[4] Accordingly, substantial evidence supports the Law Judge's determination that Mr. Smith is capable of performing his past relevant work as a janitor/cleaner, both as it is actually and generally performed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Smith is totally free of pain and discomfort. However, the court recognizes that the inability to work without any subjective complaints does not of itself render a claimant disabled. See Craig, 76 F.3d at 592. It appears to the court that the Law Judge considered all of the medical evidence, as well as all of the subjective factors reasonably supported by the record, in adjudicating Mr. Smith's claims for benefits. Thus, the court concludes that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, the resolution of conflicts in the evidence is a matter within the province of the Commissioner, even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the

---

[4] As previously stated, the DOT classifies the job of "Cleaner, Housekeeping (any industry)" as requiring "light" exertion. DOT No. 323.687-014. Both light and medium work roles generally require the ability to stand or walk, off and on, "for a total of approximately 6 hours in an 8-hour workday." SSR 83-10, 1983 SSR LEXIS 30, at *14–15 (emphasis added). Dr. Humphries and the state agency physicians all opined that Mr. Smith is capable of meeting this requirement.

court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra.

The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

DATED: This 28th day of MARCH, 2018.

                                                 /s/ Jackson L. Kiser
                                                 Senior United States District Judge